IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN CARLOS MARTINEZ MARTINEZ,  )
                                                    Petitioner,  )
   )
v.  )   Case No. 25-3254-JWL
   )
UNITED STATES IMMIGRATION and  )
   CUSTOMS ENFORCEMENT; and  )
C. CARTER, Warden, FCI-Leavenworth,  )
   )
                                                 Respondents.  )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 26, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Mexico. Petitioner unlawfully entered the United States in 2018, and he was removed to Mexico within days. Petitioner subsequently entered the United States at an unknown time. In November 2024, petitioner was detained by law enforcement officials on traffic and domestic violence charges, and immigration officials then took custody of petitioner. On May 8, 2025, an immigration judge ordered petitioner's removal but granted withholding of removal to Mexico, meaning petitioner

could only be removed to an alternative third country. Petitioner is presently detained within this judicial district. On November 21, 2025, petitioner filed the instant habeas action; respondents have filed a response to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner's removal period began on May 8, 2025, the date of his removal order, as both parties had waived any appeal. *See id.* § 1231(a)(1)(B)(i).[1] Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

---

[1] Respondents argue that petitioner's removal order became final on June 7, 2025, when the 30-day appeal time ran. This Court has consistently held, however, that a removal order becomes final for this purpose on the date of the order if both sides have waived appeal, *see, e.g.*, *Gonzalez Gutierrez v. Carter*, __ F. Supp. 3d __, 2025 WL 3454295, at *1 (D. Kan. Dec. 2, 2025) (Lungstrum, J.), and respondents have not addressed the fact that the removal order in this case shows that both parties had waived appeal from that order. Because neither side could appeal, the order became final upon issuance.

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable

3

      future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at \*2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at \*2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at \*2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

      The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." First, this is not a case in which the six-month period has only just expired; rather, petitioner has now been detained for more than eight months since the beginning of the removal period, a significant period beyond the presumptively-reasonable period. Respondents argue that they have made efforts to remove petitioner to a third country; but those efforts proved unsuccessful with respect to officials' first three choices of alternative countries, and no additional inquiries have been made in the last six months. Thus, petitioner has met his burden here.

      The Court further finds that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that in May and June 2025 officials attempted to obtain approval for petitioner's removal to Canada, Guatemala, and Costa Rica, but that all three countries denied the request. There is no indication of the reasons for those denials, however, and thus those efforts do not

provide any evidence that officials will have greater success with another alternative country despite striking out with their first choices. Most significantly, there is no evidence that officials have made inquiries to any other countries in the last six months, and neither respondents nor the declarant has offered any explanation for that failure. The declarant states that officials have reached out within their agency three times to inquire about potential countries to which petitioner could be removed, but it does not appear that those officials received any response to those inquiries over the last four months. Such inquiries standing alone – without any explanation of actual work being performed to find a third country (research, for example, or diplomatic efforts) or any explanation for the lack of a response within the agency – do not show that removal in the reasonably foreseeable future is significantly likely. Respondents have not even identified a third country to which they believe petitioner might be removed in the future. *See, e.g*, *Manago v. Carter*, 2025 WL 2841209, at \*2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*). This failure is especially disheartening in light of this Court's repeated complaints about the lack of such explanations in the Government's submissions. *See, e.g.*, *Gonzalez Gutierrez*, __ F. Supp. 3d at __, 2025 WL 3454295, at \*2-3. Most significantly, there is no analysis or explanation specific to petitioner's case, as, again, respondents have not attempted to explain why previous efforts to find a removal country for petitioner have been unsuccessful or why efforts are likely to be successful in the reasonably foreseeable future.

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials failed in their

first attempts to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries in the last six months, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **January 26, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 26, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 15th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge